UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATRINA BARRON, | |
| Plaintiff, | |
| v. | 3:11-CV-440 JVB |
| UNIVERSITY OF NOTRE DAME DU LAC, d/b/a NOTRE DAME UNIVERSITY, | |
| Defendant. | |

**OPINION AND ORDER**

The University of Notre Dame hired Professor Barron as a tenure-track Assistant Mathematics Professor in August 2001. Eight years later, she was denied tenure. The Provost's Advisory Committee cited low student evaluations as the reason. Professor Barron appealed the decision internally with Notre Dame. A University investigation determined she was wrongly denied tenure and she was subsequently extended tenure. Before the University's investigation concluded, Professor Barron filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC").

Professor Barron claims the denial of tenure constitutes unlawful sex discrimination. More specifically, she alleges she was assigned a higher number of 100-level courses than her male counterparts. These courses are known to garner lower student evaluations, which negatively affected her tenure evaluation.

On November 10, 2011, Professor Barron sued the University of Notre Dame for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(5), as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Notre Dame filed a Motion to Dismiss

1

Professor Barron's Complaint. For the following reasons, the Court denies Notre Dame's Motion to Dismiss.

A.      **Standard for Evaluating Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570).

A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570). The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual

---

[1]  In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

2

allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

**B.     Background**

The University of Notre Dame hired Professor Barron as a tenure-track Assistant Mathematics Professor in August 2001. On May 4, 2009, the University denied Professor Barron's tenure and informed her that her position would be terminated the following year. Professor Barron discovered she was assigned more 100-level courses than the male professors in her department. She taught eleven of sixteen 100-level courses, whereas a similarly situated male professor only taught one of these courses. These courses generally garner lower student evaluations and these student evaluations allegedly have a higher rate of gender bias. Even so, Professor Barron alleges her student evaluation scores for these 100-level courses met the requirements for tenure and were higher than the scores of at least one male professor who was granted tenure. Student evaluations are an important component of a professor's tenure review.

Professor Barron's departmental Committee on Appointments and Promotions unanimously recommended her tenure. She also had the support of her Department Chair and Dean. However, the Provost's Advisory Committee denied her tenure citing low student evaluations. Professor Barron appealed Notre Dame's tenure denial on October 2, 2009. On June 9, 2010, the committee completed the review and reinstated Professor Barron with tenure.

During her appeal, Professor Barron completed an EEOC Intake Questionnaire on February 18, 2010. The EEOC issued the formal charge on April 5, 2010. The EEOC issued her a right to sue letter on August 15, 2011.

Before the reinstatement of her tenure, Professor Barron accepted a one-year position at the Max Planck Institute in Germany. With the reinstatement of her tenure, Professor Barron was offered an unpaid sabbatical to fulfill her commitment. She alleges this resulted in wage disparity.

On November 10, 2011, Professor Barron sued the University of Notre Dame alleging sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Professor Barron seeks punitive, compensatory, and special damages. *Id*. On December 7, 2011, the University of Notre moved to dismiss the claims.

**C.     Discussion**

Professor Barron's Complaint alleges the University of Notre Dame violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(5), as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  Professor Barron asserts the University assigned her a higher number of unfavorable classes, denied her tenure, and failed to follow proper internal appeals procedures in reviewing her tenure denial because of her sex.

Notre Dame moves to dismiss the Complaint. Notre Dame argues Professor Barron asserts a § 1983 claim and it should be dismissed, as there is no state action. Notre Dame also argues Professor Barron's Title VII claim is time-barred because Professor Barron's Complaint relies on her EEOC Charge of Discrimination, which was filed on April 5, 2010, more than 300 days past her May 4, 2009, denial of tenure. In her Response to the Motion to Dismiss, Professor Barron asserts her claim is timely and introduces her EEOC Intake Questionnaire, which was completed on February 18, 2010, and thus within the 300 days. Notre Dame argues the

4

Complaint should still be dismissed, or at least amended, because there is no mention of the EEOC Intake Questionnaire in the original Complaint.

**(1)** *Section 1983 claims*

Notre Dame claims Professor Barron asserts a § 1983 claim in her complaint that must be dismissed in the absence of any state action. Professor Barron does not assert a § 1983 claim in her Complaint and specifically denies asserting a § 1983 claim in her Response to the Motion to Dismiss. ("Barron's Complaint does not allege any § 1983 violations.") (DE 10, Resp. Mot. Dismiss at 11.) Thus, there are no § 1983 claims to dismiss.

**(2)** *Title VII claims*

A charge of Title VII discrimination "shall be in writing and signed and shall be verified." 29 C.F.R. § 1601.9. The charge must be filed with the EEOC within 300 days of the alleged adverse action. 42 U.S.C. § 2000e-5(e)(1); *Del. State Coll. v. Ricks*, 449 U.S. 250, 261– 62 (1980) (notification of tenure denial began the filing period). The Supreme Court held an EEOC Intake Questionnaire could fulfill the charge requirement as long as it can be "reasonably construed as a request for the agency to take remedial action." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008); *Palmer v. Sw. Airlines Co.*, 2009 WL 3462043 (N.D.Ill. Oct. 23, 2009). The filing period is not tolled pending the use of an employer's internal appeal procedures. *Williamson v. Ind. Univ.*, 345 F.3d 459, 463 (7th Cir. 2003). Additionally, Rule 15(a)(2) requires courts to allow amendments to the pleadings freely when justice requires it, which is the case here.

Professor Barron's Intake Questionnaire fulfills the requirements for a charge because she detailed the alleged discriminatory actions and requested the EEOC's assistance. Professor Barron completed the Intake Questionnaire on February 18, 2010, 290 days after her May 4, 2009, denial of tenure, and within the 300-day filing period. Since Professor Barron attached to her Complaint the April 5, 2010, Charge of Discrimination, which was outside the 300-day filing period, she should amend the Complaint so it reflects the submission of the Intake Questionnaire.

**D.     Conclusion**

Defendant's Motion to Dismiss the Complaint is denied. Plaintiff is granted leave to amend the Complaint to reflect the date of the EEOC Intake Questionnaire. The Amended Complaint should be filed within sixty (60) days of the Order.

SO ORDERED on June 27, 2012.

S/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE