**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

KATRINA BARRON,

        Plaintiff,

        v.

THE UNIVERSITY OF NOTRE DAME
Du LAC,

        Defendant.

Case No. 3:11-CV-440-JVB

**ORDER**

The parties filed their motions in limine, which the Court will now address.

## A. Plaintiff's Motions in Limine

To the extent that genuine issues are raised in Plaintiff's motions in limine (a total of thirty-

five of them), the Court will rule on them or take them under advisement. [1][2] The requests not

addressed in this order are deemed irrelevant to this case or constitute needless boilerplate and waste

of time. (*See, e.g.*, Pl.'s Motion in Limine. DE 92-1 at 3--4, seeking to exclude Plaintiff's prior

criminal or bad acts of which she has none to begin with; *id.* at 5, stating the obvious: that

documents not having a proper foundation are inadmissible; *id.* at 7, arguing that expert testimony

cannot be presented by Defendant while noting that "Defense counsel filed Response on March 3,

---

[1] The parties may not refer in front of jury to any matter that has been taken under advisement. The party seeking the
admission of evidence that is pending a Court's ruling may ask for such ruling outside the presence of the jury.
[2] All rulings are preliminary and the parties may ask the Court to reconsider them as the evidence develops at trial.
*See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) ("[A] ruling [in limine] is subject to change when
the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if
nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a
previous in limine ruling.") (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

2016, stating that it does not intend to present expert witnesses.") Moreover, since the issues related to the deposition of Prof. Himonas and Defendant's Exhibits B, E, Z, II, LL, NN, and TT have been already resolved, the Court will not address them in this order.

**(1) *References to grievances, lawsuits, or administrative actions filed by or against Plaintiff***

Plaintiff wants to prohibit Defendant from referring to evidence of grievances, lawsuits, or administrative actions filed by or against Plaintiff. Defendant apparently will seek to introduce her complaints to the Defendant in 2007 and 2009 about an unsafe work environment due to lead. However, because Plaintiff claimed in her Appendix A appeal that she believed her denial of tenure was in retaliation for complaining about unsafe work environment at the University, the jury is entitled to hear this evidence in determining the reasons for tenure denial. The Court denies this motion.

**(2) *Plaintiff's claims of emotional distress before or after September 28, 2009***

The Court takes this motion under advisement.

**(3) *Testimony and documents related to Plaintiff's rate of pay***

Plaintiff asks that information regarding her rate of pay at the University not be offered at trial because the back pay issues are not before jury. However, Plaintiff's pay may relate to her claims of emotional damages. Accordingly, the Court denies this motion.

**(4)** *Requests for periods of leave*

Plaintiff asks that no evidence be admitted regarding her requests for leave. The Court takes this motion under advisement.

**(5)** *Excerpts from documents*

Plaintiff argues that several of Defendant's exhibits should not be introduced into evidence because they're incomplete. Defendant responds that introducing the entire documents rather than the relevant excerpts will confuse the jury. The Court takes this motion under advisement.

**(6)** *EEOC findings*

Plaintiff requests that the EEOC findings be excluded from trial. The Court takes this motion under advisement.

**(7)** *Defendant's argument against its liability*

Plaintiff essentially asks that the Court prohibit Defendant from defending itself. For obvious reasons, the Court denies this motion.

**B.  Defendant's Motions in Limine**

**(1)** *Evidence of discrimination on the basis of sex not related to Plaintiff's case*

Defendant requests that evidence of settlements and discrimination lawsuits not be mentioned before the jury. Likewise, it seeks to exclude "me too" evidence, that is, evidence of other professors claiming they were also discriminated against on the basis of their gender. While the Court will not allow mini-trials for every person who claims to have suffered

discrimination, the Court prefers to judge this evidence in the context of all the evidence presented at trial. Accordingly, the Court takes these two motions under advisement.

**(2) Comparator Evidence**

Defendant insists that Plaintiff has no true comparators to present. While this case has moved beyond the prima facie case, the Court takes this motion under advisement.

**(3) Testimony and evidence relating to Plaintiff's statistical analyses**

The Court takes this motion under advisement. The parties should be ready to address this motion before the start of trial on April 18.

**(4) Hearsay evidence**

Defendant seeks to exclude numerous emails to Plaintiff from other professors opining as to the true reasons she was denied tenure. No hearsay evidence will be admitted at trial unless an exclusion applies. If what appears to be hearsay evidence is really a statement by a party opponent, such evidence, if relevant and otherwise not inadmissible, will be admitted. The Court takes this motion under advisement.

**(5) Unauthenticated exhibits**

Defendant suggests that Plaintiff will try to admit a document by an unknown person. The Court will not allow any evidence without proper authentication. To this extent the Court grants the motion.

**(6) Evidence relating to alleged missteps in Plaintiff's Appendix A Appeal**

Defendant argues that there were some missteps in how it handled Plaintiff's internal appeal and seeks to exclude any evidence related to those missteps. Plaintiff responds that these were no missteps; rather, Defendant intentionally tried to subvert Plaintiff's appeal. The Court takes this motion under advisement.

**(7) Evidence relating to "Frese Appeal"**

Plaintiff wants to introduce evidence regarding Ms. Frese's appeal and her lawsuit from nearly forty years ago. As a result of that lawsuit, Defendant instituted Appendix A appeal procedures, which Plaintiff used in challenging her denial of tenure. Plaintiff responds that introducing Ms. Freese's letters to Defendant in 2009 regarding her concerns that Defendant was attempting to eliminating Appendix A appeals shows Defendant's ongoing and continuing pattern and practice of gender bias at the University.

The Court takes this motion under advisement.

**(8) Testimony, statements, and comments that Plaintiff's successful Appendix A appeal demonstrates that discrimination occurred**

The Court takes this motion under advisement. The parties should be ready to address this motion before trial begins on April 18.

**(9) Plaintiff's claims for damages that are not supported by documentary evidence**

The Court takes this motion under advisement.

**(10)   Plaintiff's remarks about stray statements attributed to other professors**

In her deposition, Plaintiff references statements from others but fails to explain who those persons are. Defendants objects to any such references at trial. The Court agrees that statements without attribution aren't admissible, barring some exception. The Court grants this motion as filed.

**(11)   Plaintiff's Counsel's references to Defendant's refusal to produce evidence**

The Court agrees that, as this case stands right now, Plaintiff's counsel may not suggest to the jury that Defendant failed to produce any evidence required by law. The Court grants this motion.

**(12)   Evidence related to the financial condition of the University**

Defendant seeks to exclude any evidence regarding the financial condition of the University. However, such evidence may be relevant where punitive damages, as here, are at issue. Because various considerations are at play, the Court takes this motion under advisement.

**(13)   Statements regarding the size or location of the law firm representing Defendant or the experience of its lawyers**

Plaintiff's counsel are under impression that they can make Defendant's counsel and their law firm's size, experience, and location a trial issue. Such information is irrelevant to issues before the jury. The Court grants the motion.

SO ORDERED on April 13, 2016.

　　　S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE

6